ROBIN D. PERRY, ESQ. SBN 181686
LAW OFFICES OF ROBIN D. PERRY & ASSOCIATES
400 Oceangate, Suite 700
Long Beach, California 90802
Telephone:(562) 216-2944
E-Mail: Robin@lordp.net

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| IRC, a minor, by and through his Guardian ad Litem, Mdrafeal Haider Chowdhury, Estate of Manuela Rodriguez, by and through successor in interest IRC,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>EDDIE F. GONZALEZ, and DOES 1 to 10,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search & Seizure (42 U.S.C. § 1983)<br>2. Interference with Familial Integrity (42 U.S.C. § 1983)<br>3. Assault & Battery<br>4. Wrongful Death<br>5. Civil Rights Violations (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# COMPLAINT FOR DAMAGES

COME NOW Plaintiffs IRC, a minor, by and through his Guardian ad Litem, Mdrafeal Haider Chowdhury, and the Estate of Manuela Rodriguez, by and through successor in interest IRC, (hereafter, collectively "Plaintiffs"), and allege as follows:

## I.
## INTRODUCTION

1. This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Manuela Rodriguez by Eddie F. Gonzalez, a school safety officer of the Long Beach Unified School District. By way of this action, Plaintiffs will establish the violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Manuela Rodriguez on or about September 27, 2021.

2. This coldblooded shooting was unjustified, and it is Plaintiffs' goal to show that the killing of Manuela Rodriguez was a senseless and unwarranted act of police abuse that caused the present plaintiffs' immeasurable loss and damage.

## II.
## JURISDICTION AND VENUE

3. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth

and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California, and all the defendants reside in Los Angeles County.

## III.
## PENDANT CLAIMS

5.  With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims. Plaintiffs have complied with the California Tort Claims Act requirements of presenting timely tort claims. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.
## PARTIES

6.  Plaintiffs' decedent Manuela Rodriguez (also "Ms. Rodriguez") was an individual residing in the County of Los Angeles. The claims made by the ESTATE OF MANUELA RODRIGUEZ are brought by her son, IRC, the successor in interest

to the Estate of Manuela Rodriguez pursuant to California Code of Civil Procedure § 377.32.

7. At all times relevant hereto, Plaintiff IRC is and was the natural son of decedent Manuela Rodriguez. IRC is a minor and hIS claims are presented by and through his father, Mdrafeal Haider Chowdhury.

8. At all relevant times, Eddie F. Gonzalez, was an employee of the Long Beach Unified School District, employed as a school safety officer and empowered by said district to use deadly force in carrying out his duties and responsibilities. At all times relevant herein, Eddie F. Gonzalez acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the Long Beach Unified School District (LBUSD), as well as under the color of the statutes and regulations of the State of California.

9. At all relevant times, each of the Defendants DOES 1 through 10 were acting within his or her capacity as an employee, agent, representative and/or servant of defendants LBUSD and is sued in their individual capacities.

10. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. Defendants DOES 1 through 10 were duly appointed employees, agents, supervisors, officials, executives and/or policymakers of LAUSD, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with the LAUSD, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

12. Each of the above defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

## V.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. On September 27, 2021, Eddie F. Gonzalez, while in the course and scope of his employment and agency with the Long Beach Unified School District (LBUSD), attempted to pull Manuela Rodriguez from a moving vehicle. The incident occurred at or near the intersection of Spring Street and Palo Verde Avenue in Long Beach, California. As the vehicle drove away from him, Eddie F. Gonzalez fired his gun into the side and rear windows of a vehicle in which Manuela Rodriguez travelled. One or more of the bullets struck Manuela Rodriguez, caused her significant injury, from which she eventually died.

14. At the time he negligently attempted to pull Manuela Rodriguez from the vehicle, Eddie F. Gonzalez was standing away from the vehicle's course of travel, and no portion of the vehicle contacted Eddie F. Gonzalez or would come into contact with Gonzalez as it travelled away from Gonzalez at a slow speed. At no time relevant to this claim was Eddie F. Gonzalez, or any other person, in any danger of serious bodily injury or of death from the vehicle or from Manuela Rodriguez or any other person in the vehicle. After the vehicle had driven away from where Gonzalez stood, and after Gonzalez had the opportunity to assess and evaluate the circumstances, Gonzalez- without cause or reasonable need - nonetheless fired gunshots at the vehicle which struck Manuela Rodriguez. There was no reasonable

basis for him to shoot at the vehicle. The shooting violated various LBUSD policies, including the policy against shooting at moving vehicles.

## VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Unreasonable Search & Seizure**

**42 U.S.C. § 1983**

**As Against Defendant Eddie F. Gonzalez and DOES 1 through 10**

15. Plaintiffs ESTATE OF MANUELA RODRIGUEZ, by and through her successor in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

16. The actions of Defendants Eddie F. Gonzalez and DOES 1 through 10 in shooting and killing Manuela Rodriguez, as described herein, violated Manuela Rodriguez's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Manuela Rodriguez to unreasonable searches and seizures of his person. Under the totality of the relevant circumstances that existed, Manuela Rodriguez posed no danger or threat to the defendants, or anyone else. The shooting and killing of Manuela Rodriguez was unreasonable under the circumstances in every respect.

17. The conduct of the present defendants violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable

public officials such as the present defendants should have known, rendering these defendants liable to Plaintiffs under 42 U.S.C. § 1983.

18. After being shot, Manuela Rodriguez endured great physical and emotional pain and suffering.

19. The present defendants are liable to Plaintiff ESTATE OF MANUELA RODRIGUEZ for compensatory damages pursuant to 42 U.S.C. § 1983, for pre-death her pain and suffering, and for the value of her life.

20. The unreasonable and unwarranted shooting and killing of Manuela Rodriguez was willful and done with a deliberate disregard for the rights and safety of Manuela Rodriguez, and therefore warrants the imposition of punitive damages as to the present defendants.

## SECOND CLAIM FOR RELIEF
### Interference with Familial Integrity
### Substantive Due Process Violation
### 42 U.S.C. § 1983
### As Against Defendants Eddie F. Gonzalez and DOES 1 through 10

21. Plaintiff IRC realleges and incorporates the foregoing paragraphs as if set forth herein.

22. The present claim is brought pursuant to 42 U.S.C. § 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

8

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

23. As alleged above, the shooting and killing of Manuela Rodriguez was unreasonable under the circumstances of the encounter between Manuela Rodriguez and Defendants Eddie F. Gonzalez and DOES 1 through 10. As such, the shooting and killing of Manuela Rodriguez violated the constitutional limits on state powers and the Fourth Amendment's limits on unreasonable seizures.

24. At the same time, the shooting and killing of Manuela Rodriguez violated the rights of Plaintiff IRC to be free from police interference in their relationship with Manuela Rodriguez.

25. The unreasonable conduct of the present defendants was the direct and proximate cause of the death of Manuela Rodriguez. As a result of the unreasonable conduct of these defendants, plaintiff IRC lost his mother, Manuela Rodriguez, as well as her love, affection, society, companionship, care, and financial and moral support.

26. As a result, said defendants are liable to Plaintiff IRC for compensatory damages pursuant to 42 U.S.C. § 1983.

27. The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights of Manuela Rodriguez and the present Plaintiff and therefore warrants the imposition of punitive damages as to Eddie F. Gonzalez.

/ / /

/ / /

# THIRD CLAIM FOR RELIEF

## Assault & Battery

## As Against Eddie F. Gonzalez

28. Plaintiff Estate of Manuela Rodriguez, by and through Manuela Rodriguez's successor in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

29. This cause of action arises under the general laws, statutes, and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements for the presentation of claims for damages.

30. Defendants Eddie F. Gonzalez and DOES 1 through 10 assaulted and battered Manuela Rodriguez, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful, or offensive contact to the person of Manuela Rodriguez by unreasonably and unjustly shooting and killing Manuela Rodriguez.

31. These acts were undertaken intentionally and without justification.

32. As a result of these deliberate and unjustified acts undertaken by said defendants, Manuela Rodriguez endured great physical and emotional pain and suffering and eventually lost her life.

33. These deliberate and unjustified acts undertaken by the present defendants were willful and done with a deliberate disregard for the rights and safety

of decedent Manuela Rodriguez and, therefore, warrant the imposition of punitive damages as to the present defendants.

### FOURTH CLAIM FOR RELIEF
### Wrongful Death
### As Against Defendants Eddie F. Gonzalez
### and DOES 1 through 10

34. Plaintiff IRC realleges and incorporates the foregoing paragraphs as if set forth herein.

35. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements for the presentation of a timely tort claim.

36. Defendants Eddie F. Gonzalez and DOES 1 through 10, while working as armed school safety officers, and acting within the course and scope of their duties, employed negligent tactics and intentionally and/or without due care shot Manuela Rodriguez. The shooting resulted because of said defendants' improper and negligent tactics. As a result of these intentional acts and negligence, Manuela Rodriguez suffered serious injuries and lost her life. Said defendants had no legal or reasonable justification for their actions.

37. As a direct and proximate result of the conduct of said defendants, Manuela Rodriguez lost her life, and her son, the present plaintiff, has been deprived

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

of the life-long love, affection, comfort, support, and society of Manuela Rodriguez, and will continue to be so deprived for the remainder of his natural life.

## FIFTH CLAIM FOR RELIEF

### Civil Rights Violations (Cal. Civ. Code § 52.1)
### As Against Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10

38. Plaintiffs IRC and the Estate of Manuela Rodriguez reallege and incorporate the foregoing paragraphs as if set forth herein.

39. This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2. Plaintiffs complied with the California Tort Claims Act requirements.

40. As a result of the conduct of defendants Eddie F. Gonzalez and DOES 1 through 10 by the use of threats, intimidation, and coercions, interfered with Plaintiffs' exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

41. All the above acts and omissions of these Defendants, and each of them, were wilful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

42. Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiffs for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including pre-death pain and suffering damages, the lost value of life, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B. For punitive damages against defendants Eddie F. Gonzalez and DOES 1 through 10 pursuant to 42 U.S.C. § 1983, and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each of them;

C. For prejudgment interest to be determined at trial;

D. For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

///

///

///

E. For such further other relief as the Court may deem just, proper, and appropriate.

Date: October 4, 2021   LAW OFFICES OF ROBIN D. PERRY & ASSOCIATES

By: _____
ROBIN D. PERRY, ESQ.
Attorneys for Plaintiffs, IRC, a minor, by and through his Guardian ad Litem, Mdrafeal Haider Chowdhury, Estate of Manuela Rodriguez, by and through successor in interest IRC

## DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs IRC and ESTATE OF MANUELA RODRIGUEZ and hereby demand trial by jury.

Date: October 4, 2021    LAW OFFICES OF ROBIN D. PERRY & ASSOCIATES

By: _____
ROBIN D. PERRY, ESQ.
Attorneys for Plaintiffs, IRC, a minor, by and through his Guardian ad Litem, Mdrafeal Haider Chowdhury, Estate of Manuela Rodriguez, by and through successor in interest IRC